UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| MATTHEW GURDACK, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>NATIONAL COLLECTION SYSTEMS, INC. d/b/a NATIONAL CREDIT MANAGEMENT,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, NATIONAL COLLECTION SYSTEMS, INC. d/b/a NATIONAL CREDIT MANAGEMENT ("NATIONAL CREDIT MANAGEMENT") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Philadelphia County, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. NATIONAL CREDIT MANAGEMENT maintains a location at 10845 Olive Boulevard, Suite 210, St. Louis, Missouri 63141.

7. NATIONAL CREDIT MANAGEMENT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

8. NATIONAL CREDIT MANAGEMENT uses the instrumentalities of interstate commerce or the mails to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. NATIONAL CREDIT MANAGEMENT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25 are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## STATEMENT OF FACTS

11. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. At some time prior to January 4, 2024, Plaintiff allegedly incurred a financial obligation to SOUTHERN NEW HAMPSHIRE UNIVERSITY ("UNIVERSITY").

13. The UNIVERSITY obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. Plaintiff incurred the UNIVERSITY obligation by obtaining goods and services which were primarily for personal, family and household purposes.

15. The UNIVERSITY obligation did not arise out of transactions that were for business use.

16. The UNIVERSITY obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. UNIVERSITY is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. On or before January 4, 2024, UNIVERSITY referred the UNIVERSITY obligation to NATIONAL CREDIT MANAGEMENT for the purpose of collections.

19. At the time the obligation was referred to NATIONAL CREDIT MANAGEMENT, the UNIVERSITY obligation was in default.

20. NATIONAL CREDIT MANAGEMENT caused to be delivered to Plaintiff a letter dated January 4, 2024. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

21. The January 4, 2024 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

22. The January 4, 2024 letter was the initial communication from Defendant to Plaintiff. No other communication was received within 5 days of the January 4, 2024 letter.

23. Upon receipt, Plaintiff read and relied on the notices, statements and representations in the January 4, 2024 letter.

24. NATIONAL CREDIT MANAGEMENT admitted that it was a debt collector in its January 4, 2024 letter:

> **THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR**

25. The January 4, 2024 letter provided the following details about the UNIVERSITY obligation.

**Our information shows:**

You have a past due balance with SOUTHERN NEW HAMPSHIRE UNIVERSITY that has been placed in our office for collections. Your account number is ▮▮▮▮5935.

| | |
|---|---|
| As of 5/25/2022 You owed: | $2,325.51 |
| Between 5/25/2022 and today: | |
| You were charged this much in fees | +$0.00 |
| You were charged this much in interest: | +$0.00 |
| Your account was debited this much: | +$0.00 |
| You paid or were credited this amount towards the debt: | -$0.00 |
| Total Amount: | $2,325.51 |

26. The January 4, 2024 letter failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a)(3) through (5) of the FDCPA.

27. Pursuant to 15 U.S.C. § 1692l(d) of the FDCPA, "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

28. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006 et seq., commonly referred to as Regulation F.

29. Regulation F established a Model Form initial collection letter which if used properly by a debt collector would satisfy regulatory compliance with 12 CFR § 1006.34(d)(2)(i).

30. **While a debt collector does not have to use the Model Form initial collection letter, it still is required to provide the consumer with all of the information now required by Regulation F**.

31. Pursuant to Regulation F, Defendant was required to provide Plaintiff with the specific date that the debt collector will consider the end date of the validation period during which a consumer may dispute the debt or request the name and address of the original creditor. See 12 CFR § 1006.34(c)(3)(i), (ii) and (iii).

32. The January 4, 2024 letter failed to advise Plaintiff of the specific date that the validation period would end on as required under 12 CFR § 1006.34(c)(3)(i), (ii) and (iii).

33. The January 4, 2024 letter fails to include all of the notices, information, disclosures, and statements required by Regulation F.

34. The January 4, 2024 letter failed to provide the necessary consumer-response information required by 12 CFR § 1006.34(c)(4).

35. Specifically, the January 4, 2024 letter failed to advise Plaintiff that he had a right to dispute the debt and request verification of same.

36. The January 4, 2024 letter failed to advise Plaintiff that if he did dispute the debt with the time period allowed by the FDCPA and/or Regulation F, that NATIONAL CREDIT MANAGEMENT could not assume the debt was valid.

37. Further, the January 4, 2024 letter failed to advise Plaintiff that if he did dispute the debt in writing with the time period allowed by the FDCPA and/or Regulation F, that NATIONAL CREDIT MANAGEMENT was legally required to stop its collection efforts until it provided Plaintiff with verification.

38. Plaintiff was legally entitled to this information, and Defendant was obligated to provide it to Plaintiff.

39. Plaintiff failed to receive this information, which he was entitled to receive under the FDCPA and Regulation F.

40. Defendant's January 4, 2024 letter frustrated Plaintiff's ability to intelligently choose a response.

41. Had Plaintiff known of the rights provided to him by the FDCPA and Regulation F, he would have availed himself of same.

42. The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

43. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's letter deprived Plaintiff of the right to enjoy these benefits.

44. As described herein, Defendant engaged in abusive debt collection practices against the Plaintiff which deprived Plaintiff of the right to enjoy the benefits provided by the FDCPA.

45. NATIONAL CREDIT MANAGEMENT knew or should have known that its actions violated the FDCPA.

46. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but it neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

47. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Using unfair or unconscionable means to collect or attempt to collect any debt;

    (c) Failing to provide Plaintiff with notices and/or disclosures which are required by the FDCPA and/or Regulation F; and

    (d) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

48. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in Pennsylvania within one year of this Complaint.

**CLASS ACTION ALLEGATIONS**

49. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

50. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent initial letters and/or notices from NATIONAL CREDIT MANAGEMENT attempting to collect a debt owed to SOUTHERN NEW HAMPSHIRE UNIVERSITY or any other university (See Exhibit A), and which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

51. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons in Pennsylvania (*See* **Exhibit A**). The undersigned has, in

  accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  i. Whether the Defendants violated various provisions of the FDCPA;

  ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

52. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

53. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

54. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*. VIOLATIONS

55. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

56. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

57. The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

58. Defendant violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(10) and § 1692g(a)(3) through (5).

59. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

60. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

61. Defendant violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with its communications to Plaintiff and others similarly situated.

62. Defendant violated 15 U.S.C. § 1692e of the FDCPA by failing to provide Plaintiff with legally required information.

63. By failing to comply with Regulation F as described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

64. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

65. As described herein, Defendant violated 15 U.S.C. § 1692e(10).

66. As described herein, Defendant violated 15 U.S.C. § 1692g(a)(3) through (5).

67. As described herein, Defendant violated provisions of Regulation F.

68. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

71. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest.

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: December 31, 2024

*s/ Ari H. Marcus*
Ari H. Marcus, Esq. #322283
Marcus & Zelman, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable.

*s/ Ari H. Marcus*
Ari H. Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 31, 2024

                                          *s/ Ari H. Marcus*
                                          Ari H. Marcus, Esq.