IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW GURDACK,** | : | |
| *on behalf of himself and all others similarly situated*, | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **NATIONAL COLLECTION SYSTEMS, INC.,** *d/b/a* **NATIONAL CREDIT MANAGEMENT.** | : | No. 24-6916 |
| | : | |
| | : | |
| Defendant. | : | |

**Perez, J.**                                                             **JULY 11, 2025**

# MEMORANDUM

Plaintiff Matthew Gurdack commenced this class action against Defendant National Collection Systems, Inc. on December 31, 2024. Gurdack filed an amended complaint on January 3, 2025, alleging that Defendant violated 15 U.S.C. § 1692e of the Fair Debt Collection Practices Act ("FDCPA") by using different dates to refer to his debt in the two collection letters it sent him. Gurdack specifically alleges that Defendant's action constitutes a false, deceptive, or misleading representation in connection with debt collection prohibited under § 1692e and § 1692e(10), as well as non-compliance with 12 C.F.R. § 1006 *et seq*. ("Regulation F") prescribed pursuant to the FDCPA. In response, Defendant moved to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is now ripe for decision.

Defendant is a debt collector engaged by Gurdack's creditor.[1] On May 26, 2022, Defendant sent Gurdack its first collection letter, which stated "As of 04/19/22, you owed: $2325.51."[2] On January 4, 2024, Defendant sent its next letter, which stated "As of 5/25/2022 You owed:

---

[1] ECF No. 5 at ¶¶ 12, 17-18.
[2] ECF No. 5 at ¶¶ 22, 25.

$2,325.51."[3] The name of the creditor and the total amount owed remained the same in both letters.[4] The line item amounts of fees, interest, and payment or credit also remained unchanged at $0.00 across both letters.[5] In light of these facts, and for the reasons that follow, the Court grants Defendant's Motion to Dismiss.

**I.      LEGAL STANDARD**

A complaint that fails to state a claim upon which relief can be granted should be dismissed. Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), but does not need "detailed factual allegations" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2006). In ruling on a motion to dismiss, a court must accept all factual allegations as true, construe the facts in the light most favorable to the plaintiff, and then determine whether the complaint entitles the plaintiff to relief. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

The Third Circuit uses a three-step approach to analyze a complaint on a motion to dismiss. *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010). The Court must (1) note the elements needed for the claim; (2) identify allegations that are mere conclusions and thus are "not entitled to the assumption of truth;" and (3) assume "well-pleaded factual allegations" as true, and then determine whether they plausibly entitle the plaintiff to relief. *Id.*

**II.     DISCUSSION**

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect

---

[3] ECF No. 5 at ¶¶ 33, 34.
[4] *See* ECF No. 5 at ¶¶ 25, 34.
[5] *See id.*

a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Defendant contests only the fourth element—that its use of a different itemization date in its second collection letter to Gurdack violates the FDCPA.

Gurdack provides two grounds for relief. The first is that the change in date is a false, deceptive, or misleading representation prohibited under § 1692e.[6] The second is that the date change violates Regulation F.[7] Because this Court holds that the alleged misrepresentation is not material, we need not address the Regulation F argument. Gurdack's complaint fails to state a claim because where the alleged misrepresentation is not material, there is no violation of Section 1692e.

Gurdack asserts that the use of two different itemization dates is materially false, deceptive, or misleading because it would cause the least sophisticated consumer to be "confused about his or her rights."[8] He further contends that the change would lead the least sophisticated consumer to question whether the two collection letters refer to the same payment obligation, which would in turn affect the consumer's decision of whether to pay.[9]

Section 1692e of the FDCPA prohibits debt collectors from using "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(10) specifically prohibits the use of "false representation[s] or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.*

---

[6] ECF No. 5 at ¶ 57.
[7] ECF No. 5 at ¶ 61.
[8] ECF No. 5 at ¶¶ 31-35, 55, 62.
[9] ECF No. 16 at 7.

To be actionable under § 1692e, representations must be material—meaning that they must be capable of influencing the decision of the "least sophisticated debtor." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015). The least sophisticated debtor standard is an objective one, where the inquiry is not whether the specific plaintiff was misled, but whether the objective least sophisticated debtor would have been. *Id.* at 419. The standard is less demanding than the reasonable debtor standard because it is intended to protect "naïve" or "gullible" consumers. *Wilson v. Quadramed Corp.*, 225 F.3d 350 at 354 (3d Cir. 2000). For instance, a collection letter that "can reasonably be read to have two or more different meanings, one of which is inaccurate" is deceptive under the least sophisticated debtor standard. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006). However, the standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d at 354-55 (citing *Clomond v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). In sum, if a misrepresentation would not affect the decision of even the least sophisticated debtor, it is not material, and therefore does not amount to a violation of § 1692e. *See Jensen* at 421 ("A debtor simply cannot be confused, deceived, or misled by an incorrect statement unless it is material.").

The Third Circuit has held that a collection letter is misleading or deceptive under § 1692e if the language is capable of conveying a false impression to the least sophisticated debtor. In *Brown*, the letter at issue stated that a referral of the debtor's account to an attorney and a lawsuit "could" ensue if she did not respond within five days. *Brown*, 464 F.3d 450 at 451. The court held that the letter would be deceptive if the collector did not actually intend to take those actions, since the least sophisticated debtor could understand the letter to mean that an attorney referral or litigation would be "imminent" if they did not respond in time. *Id.* at 455. Similarly, the court held

that a collection letter from a law firm that displayed the firm's name was deceptive because it falsely implied that an attorney acting in an attorney's capacity was involved in the collection process, when in fact the law firm was merely acting in the capacity of a collector. *Lesher v. L. Offs. Of Mitchell N. Kay, PC*, 650 F.3d 993, 995, 1003 (3d Cir. 2011). The court reasoned that the letters could cause the least sophisticated debtor to conclude that a lawyer had determined their file to be grounds for legal action. *Id.* at 1003. *See also Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142 (3d Cir. 2013) (collection letter that directed the debtor to "please call . . . or write" the collector if they "f[elt] like [they did] not owe this amount" could mislead the least sophisticated debtor into believing they could exercise their right to dispute the debt by placing a phone call, when in fact the dispute must be made in writing to have legal effect).[10]

By contrast, the Third Circuit does not consider representations in collection letters to amount to §1692e violations if the least sophisticated debtor must draw a complex inference to be misled or need only make a very basic inference to avoid being misled. For instance, a collection letter that itemizes the interest and fees as $0.00 does not mislead or deceive the least sophisticated debtor into believing that interest and fees could accrue in the future. *See Hopkins v. Collecto, Inc.*, 994 F.3d 117, 120, 122 (3d Cir. 2021). The court in *Hopkins* noted that such a conclusion assumes the debtor to be "shrewdly speculative" about likely future occurrences, which is inconsistent with the standard itself. *Id.* at 122. Similarly, the statement that "[t]he Account Balance as of the date of this letter is shown above" does not misleadingly communicate to the least sophisticated consumer that the amount of debt can change in the future. *Dotson v. Nationwide Credit, Inc.*, 828

---

[10] While the court's analysis was focused on a claim brought under 15 U.S.C. § 1692g, the conclusion applies to the § 1692e(10) claim at issue here. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, No. 2:11-CV-2877, 2012 WL 847486 at 5 (D.N.J. Mar. 9, 2012) ("When allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive.").

F. App'x 150, 151, 153 (3d Cir. 2020). On the other hand, a letter that specifies the amount of the outstanding debt and attorney's fees but not the sum of the two does not mislead the least sophisticated debtor as to the total amount owed, because it is expected that the debtor is able to add the two amounts. *Dibattista v. Buckalew, Frizell & Crevina, LLP*, 574 F. App'x 107, 111-12 (3d Cir. 2014).

In light of the Third Circuit cases above, the Court does not find Defendant's use of a different itemization date in its second collection letter to be material. The change in date does not have the capacity to influence the least sophisticated debtor's decision. It does not make the second letter, or both letters, susceptible to an inaccurate interpretation. *See Brown* at 455. The chronological order of the dates precludes the possibility that the most recent itemization of the debt Gurdack received is not up to date. This is corroborated by the fact that the amounts for the line items of interest, fees, payment, and credit remained the same, at $0.00, in the second letter.

Gurdack argues that Defendant's use of two different dates would cause the least sophisticated debtor to be "confused about his or her rights."[11] However, because the least sophisticated debtor is presumed to have "a quotient of reasonableness" and "a basic level of understanding," they would not conclude that a new itemization date bears on their legal rights as a debtor. *See Wilson* at 354. Itemization dates do not implicate the right to dispute the validity of a debt, as in *Caprio*, nor relate to the debt collection process or the possibility of legal action therein as in *Brown* or *Lesher*. *See Caprio*, 709 F.3d at 151-52; *Brown*, 464 F.3d at 455; *Lesher*, 650 F.3d at 1003.

Lastly, Gurdack claims that the change in dates could cause the least sophisticated debtor to think that the debt obligations in the two letters could be distinct. Such an interpretation would

---

[11] ECF No. 5 at ¶ 55.

be idiosyncratic. Both letters were sent by the same debt collector, reference the same creditor, and state the same balance. *See Wilson v. Quadramed Corp.*, 225 F.3d. at 354. Even the least sophisticated debtor would understand that the two letters refer to the same debt obligation upon "reading with care" beyond the itemization dates. *See id.*

Because the alleged misrepresentations are not material, Gurdack's complaint fails to state a claim under 15 U.S.C. § 1692e. Accordingly, the Court will end its analysis without addressing Gurdack's argument concerning Regulation F.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. Additionally, the Court will deny any further leave to amend the complaint, as amendment would be futile. *U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). Gurdack's complaint is thus dismissed with prejudice. An appropriate order follows.